# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05cr267

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| LEWIS S. BLANTON, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report filed in the above entitled cause on November 30, 2006 by the United States Probation Office. In the violation report the United States Probation Office alleged that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, attorney Calvin Coleman, and that the Government was present through Assistant United States Attorney, Corey Ellis, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, denied the allegations contained in the violation report that had been filed on November 30, 2006. The Government introduced, without objection, the violation report into evidence.

The defendant was charged, in a bill of indictment filed on December 5, 2005 with the crime of being in possession of a firearm having an overall length of less than 26-inches

which was not registered to the defendant in the National Firearms Registration and Transfer Record. On December 13, 2005, a hearing was held in regard to the detention of the defendant. On that date, the undersigned entered an order releasing the defendant on a $10,000.00 unsecured bond. The undersigned further set conditions of release which included the following:

(1) That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(7)(m) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On November 6, 2006 the defendant submitted to an urinalysis which preliminarily tested positive for the use of methamphetamine.

The defendant testified that he was gainfully employed as a crew leader for a landscaping company and that during the period of time that he had been on pretrial release that he had submitted to between 8 to 10 drug test and he had not had a positive drug test until the test that was administered on November 6, 2006. The defendant testified that he been sick and had a bronchial problem and that he had taken two medications; one being a medication called "TheraFlu" and "Advil-D". It was the opinion of the defendant that these two medications had some type of chemical contained therein that caused him to test positive for the use of methamphetamine.

In rebuttal, the Government produced as a witness United States Probation Officer Eric Simpson. At that time, the Government also introduced into evidence the results of a controlled substance test for the defendant for urine collected on November 6, 2006. The testing had been completed by Scientific Testing Laboratories, Inc. The results of this test were introduced into evidence as Government's Exhibit 1, there being no objection from the defendant. The results of the test showed that the defendant had a positive result for the use of methamphetamine and a negative result for the use of amphetamine. The type of methamphetamine used by the defendant was shown to be in excess of 80% of a type of methamphetamine referred to as "D-methamphetamine" and less than 20% for a type of methamphetamine referred to as "L-methamphetamine". Officer Simpson testified that from his training at Scientific Testing Laboratories that he had learned that "D-methamphetamine" is illegal methamphetamine and "L-methamphetamine" is a type of methamphetamine that is found from time to time in over-the-counter sold pharmaceuticals.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a
> Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any
> other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there
> is no condition or combination of conditions of release that will assure that the person
> will not flee or pose a danger to the safety of any other person or the community; or

(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds that there is probable cause to believe that the defendant committed a federal and state crime while on release. The defendant possessed methamphetamine for consumption. The possession of methamphetamine is a misdemeanor under federal law. 21 U.S.C. § 844 The possession of methamphetamine is a felony under state law. N.C.G.S. § 90-95(a)(3). Due to the fact that there is probable cause to believe that the defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that the defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that the defendant violated the condition of release that requires that he refrain from use or unlawful possession of a narcotic drug or other controlled substance as defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner. The evidence shows that "D-methamphetamine" is a substance which is not prescribed by a licensed medical practitioner.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears

there is no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the defendant's actions, that it is unlikely that the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

The defendant, upon questioning by the court, testified that he had never received any type of treatment for the use of a controlled substance, particularly methamphetamine. The undersigned is of the opinion that such treatment would be beneficial to the defendant and in other circumstances would direct that the defendant be allowed to participate in the Jail Based Inpatient Treatment Program. The defendant's counsel and the Government has advised that the defendant is scheduled to be sentenced on January 3, 2007. This sentencing would thus not allow the defendant to complete participation in the Jail Based Inpatient Treatment Program. Should sentencing be delayed, the undersigned would allow the defendant to participate in the Jail Based Inpatient Treatment Program and further consider the issue of release of the defendant based upon a change of circumstances, that being his completion of the Jail Based Inpatient Treatment Program if such treatment was completed before sentencing.

## ORDER

IT IS THEREFORE **ORDERED** that the unsecured bond and terms and conditions

of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending sentencing and further proceedings in this matter. Should sentencing not take place on January 3rd, then the defendant would be allowed to attend the Jail Based Inpatient Treatment Program and upon successful completion of treatment under that program the undersigned would consider releasing the defendant on terms and conditions of pretrial release based upon a change of circumstances, that being the completion of the Jail Based Inpatient Treatment Program.

Signed: January 4, 2007

Dennis L. Howell
United States Magistrate Judge